# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. GOFF,<br><br>           Petitioner,<br><br>    v.<br><br>WARDEN, CALIFORNIA<br>CORRECTIONAL CENTER,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.: 1:13-cv-00080-JLT

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 13)

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY (Doc. 1)

ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE THE CASE

ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

The instant petition was filed on January 10, 2013 in the Sacramento Division of this Court.[1] (Doc. 1).  It was transferred to the Fresno Division on January 16, 2013.  (Doc. 4).  On January 22,

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit

1

2013, the Court ordered Respondent to file a response.  (Doc. 7).  On March 27, 2013, Respondent filed the instant motion to dismiss, contending that the petition was untimely under federal law.  (Doc. 13).  Petitioner has not filed an opposition to Respondent's motion to dismiss.

On January 30, 2013, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 10).  On March 14, 2013, Respondent filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 12).

## **DISCUSSION**

### A.  Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

---

has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on January 10, 2013.  (Doc. 1, p. 6).

one-year limitation period.  Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

      B.  <u>Limitation Period For Filing Petition For Writ Of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on January 10, 2013, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

1    In most cases, the limitation period begins running on the date that the petitioner's direct

2   review became final.  Here, the Petitioner was convicted on June 4, 2009.  (Doc. 1, p. 1).  Petitioner

3   did not pursue direct appeal of his conviction. [2]  California state law governs the period within which

4   prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions.  See,

5   e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057,

6   1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court

7   proceedings have concluded, citing prior Rule of Court, Rule 31(d)).  Pursuant to California Rules of

8   Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within

9   sixty days of the rendition of judgment.  See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146,

10  147 (1999)(citing prior Rule of Court, Rule 31(d)).  Because Petitioner did not file a timely notice of

11  appeal, his direct review concluded on August 3, 2009, when the sixty-day period for filing a notice of

12  appeal expired.  The one-year period under the AEDPA would have commenced the following day, on

13  August 4, 2009, and Petitioner would have had one year from that date, or until August 3, 2010, within

14  which to file his federal petition for writ of habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243,

15  1245 (9th Cir.2001).

16    As mentioned, the instant petition was filed on January 10, 2013, approximately two and one-

17  half years after the date the one-year period would have expired.  Thus, unless Petitioner is entitled to

18  either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

19    C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

20    Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

21  application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §

22  2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

23

24  _____

[2] Petitioner maintains that he did file an appeal.  A review of the record, however, indicates that, following his conviction,
25  Petitioner did not file a notice of appeal and pursue a direct appeal in the Court of Appeal.  Instead, on August 11, 2009,
after the 60-day period for filing a notice of appeal had expired, he filed a Petition for Writ of Mandate in the California
26  Court of Appeal, Fifth Appellate District ("5th DCA"), which was denied on August 28, 2009.  (Lodged Document ("LD")
1).  Thereafter, on September 17, 2009, Petitioner filed an untimely Petition for Review in the California Supreme Court,
27  which was denied without comment on October 28, 2009.  (Id.).  At a later point, discussed infra, Petitioner filed state
habeas petitions in the 5th DCA and the state supreme court.  However, none of the foregoing proceedings were part of any
28  direct appeal from the June 4, 2009 conviction.

4

governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the documents provided by Respondent establish  that Petitioner filed the following state habeas petitions: (1) petition filed in the 5th DCA on April 14, 2010, and denied on April 28, 2010 (LD 1, 2);  (2)  petition filed in the Stanislaus County Superior Court on October 28, 2011, and denied on

1  December 6, 2011 (LD 3, 4); (3)  petition filed in the 5th DCA on April 4, 2012, and denied on April

2  12, 2012 (LD 5, 6); and (4) petition filed in the California Supreme Court on May 4, 2012, and denied

3  on June 14, 2012.  (LD 7, 8).

4         As mentioned, the one-year period commenced on August 4, 2009 and continued to run

5  unabated until the first petition was filed on April 14, 2010.  Respondent has calculated, and the Court

6  agrees, that, prior to the April 14, 2010 filing of that first petition, 253 days of Petitioner's one-year

7  period had already expired, leaving Petitioner only 112 days remaining to file his federal petition.

8  Respondent's motion to dismiss concedes that Petitioner's first state petition was "properly filed"

9  within the meaning of the AEDPA and thus entitled to statutory tolling.  (Doc. 13, p. 4).  Accordingly,

10  the one-year period was tolled between April 14, 2010 and April 28, 2010.  It began to run again on

11  April 29, 2010.

12         Although a petitioner is normally entitled to statutory tolling for the days between state

13  petitions, i.e., "interval" tolling, Respondent contends that Petitioner is not entitled to interval tolling

14  between the first and second petitions for two reasons: (1) because Petitioner was not proceeding "up

15  the ladder" and (2) because Petitioner waited an unreasonable amount of time to file the second

16  petition.  The Court agrees on both points.

17         Under the AEDPA, there is no statutory tolling for the period between sets or "rounds" of state

18  habeas petitions.  Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme

19  Court denied review); see also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002)(no tolling during gap

20  between first set of state petitions and second).  In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir.

21  2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a

22  new habeas petition *at the same or a lower level*" of the state court system.  See also Nino, 183 F.3d at

23  1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of

24  "a petition at the next state appellate level.")(emphasis supplied).

25         Here, as discussed previously, Petitioner's first petition was filed in the 5th DCA, but his

26  second petition was filed in the state superior court.  Since Petitioner was not proceeding "up the

27  ladder," his second petition constitutes a new "round" of habeas petitions and, as mentioned, Petitioner

28

is not entitled to interval tolling between separate rounds of habeas petitions.

Also, Petitioner's delay in filing his second petition deprives him of interval tolling.  In reviewing habeas petitions originating from California, the Ninth Circuit formerly employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the petition was presumed timely and was deemed "pending."  In Evans v. Chavis, 549 U.S.189 (2006), however, the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state habeas petition was filed within a reasonable period of time.  549 U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether the filing of the request for state court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'").  However, "'[w]hen a post-conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)).  See also Carey v. Saffold, 536 U.S. at 226.

Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans, this Court must first determine whether the state court denied Petitioner's habeas application(s) as untimely.  If so, that is the end of the matter for purposes of statutory tolling because the petition was then never properly filed and Petitioner would not be entitled to any period of tolling under § 2242(d)(2), either for the pendency of the petition itself or for the interval between that petition and the denial of the previous petition.  Bonner, 425 F.3d at 1148-1149.

However, if the state court did not expressly deny the habeas petition(s) as untimely, this Court is charged with the duty of independently determining whether Petitioner's request for state court collateral review were filed within what California would consider a "reasonable time." Evans, 546 U.S. at 198.  If so, then the state petition was properly filed and Petitioner is entitled to interval tolling.[1]

Nothing in the superior court's decision indicates the court expressly or impliedly denied the

---

[1]Neither the Ninth Circuit nor the United States Supreme Court has addressed whether a delay in filing may deprive a petitioner of statutory tolling for the pendency of an otherwise properly filed state petition itself when the state court does not expressly indicate that the petition was untimely. Presently, Evans only affects entitlement to interval tolling.

petition as untimely. (LD 4).  Thus, the next question is whether, in the Court's independent determination, the second petition was timely filed; it was not.  In Evans, the Supreme Court found that a six-month delay was unreasonable.  Id.  The Supreme Court, recognizing that California did not have strict time deadlines for the filing of a habeas petition at the next appellate level, nevertheless indicated that most states provide for a shorter period of 30 to 60 days within which to timely file a petition at the next appellate level.  Evans, 546 U.S. at 201.  After Evans, however, it was left to the federal district courts in California to carry out the Supreme Court's mandate of determining, in appropriate cases, whether the petitioners' delays in filing state petitions were reasonable.  Understandably, given the uncertain scope of California's "reasonable time" standard, the cases have not been entirely consistent.

However, among the Ninth Circuit as well as the various federal district courts in California, a consensus has emerged that any delay of sixty days or less is per se reasonable, but that any delay "substantially" longer than sixty days is not reasonable.  Compare Stancle v. Clay, ___F.3d___, 2012 WL 3667315 *7 (9th Cir. 2012)(82 day delay unreasonable); Velasquez v. Kirkland, 629 F.3d 964, 968 (9th Cir. 2012)(delays of 81 and 91 days unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010)(delays of 115 and 101 days unreasonable); Banjo v. Ayers, 614 F.3d 964, 970 (9th Cir. 2010)(delay of 146 days unreasonable); Bennett v. Felker, 635 F. Supp. 2d 1122, 1126-1127 (C.D. Cal. 2009)(93 days unreasonable); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97 and 71 days unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007)(88 day delay unreasonable); Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008)(70 day delay unreasonable); Swain v. Small, 2009 WL 111573 (C.D.Cal. Jan. 12, 2009)(89 day delay unreasonable); Livermore v. Watson, 556 F.Supp. 2d 1112, 1117 (E.D.Cal. 2008)(78 day delay unreasonable; Bridges v. Runnels, 2007 WL 2695177 *2 (E.D.Cal. Sept. 11, 2007)(76 day delay unreasonable), with Reddick v. Felker, 2008 WL 4754812 *3 (E.D.Cal. Oct. 29, 2008)(64 day delay not "substantially" greater than sixty days); Payne v. Davis, 2008 WL 941969 *4 (N.D.Cal. Mar. 31, 2008 (63-day delay "well within the 'reasonable' delay of thirty to sixty days in Evans").

Moreover, even when the delay "significantly" exceeds sixty days, some courts have found the

1    delay reasonable when the subsequent petition is substantially rewritten.  E.g., Osumi v. Giurbino,

2    445 F.Supp 2d 1152, 1158-1159 (C.D.Cal. 2006)(3-month delay not unreasonable given lengthy

3    appellate briefs and petitioner's substantial re-writing of habeas petition following denial by superior

4    court); Stowers v. Evans, 2006 WL 829140 (E.D.Cal. 2006)(87-day delay not unreasonable because

5    second petition was substantially re-written); Warburton v. Walker, 548 F.Supp.2d 835, 840 (C.D.

6    Cal. 2008)(69-day delay reasonable because petitioner amended petition before filing in Court of

7    Appeal).

8              Here, the delay in question is the period of time between the denial of the first petition on April

9    28, 2010 and the filing of the second petition in the superior court on October 28, 2011, a period of

10   548 days.  Clearly, such a delay far surpasses the sixty to seventy day limit that federal courts in

11   California have deemed reasonable.  Indeed, the delay itself was 150% longer than the entire one-year

12   AEDPA filing period afforded by Congress.  Accordingly, the Court has little choice but to conclude

13   that Petitioner is not entitled to interval tolling between the first two petitions due to this lengthy and

14   unreasonable delay.

15             Because Petitioner is not entitled to statutory tolling during this interval, the one-year period

16   would have commenced running again on April 29, 2010 and would have expired 112 days later on

17   August 19, 2010.

18             The second, third, and fourth state petitions do not afford Petitioner any further statutory

19   tolling since they were filed after the one-year period ended on August 19, 2010.  A petitioner is not

20   entitled to tolling where the limitations period has already run prior to filing a state habeas petition.

21   Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);

22   see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d

23   820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has

24   ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999)

25   (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year

26

27

28

limitations period).   Therefore, unless Petitioner is entitled to some form of equitable tolling, the petition is untimely and must be dismissed.[3]

D.  Equitable Tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim.[4]  The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner.  See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  For the reasons discussed above, the Court finds and

---

[3] As Respondent correctly notes, Petitioner filed a prior federal petition challenging the same conviction in case no. 2:10-cv-00269-JAM-CMK, which was dismissed for lack of exhaustion, which is why the instant petition is not considered successive.  However, a petitioner is not entitled to statutory tolling for the pendency of federal petitions.  Duncan v. Walker, 533 U.S. 167, 181-182 (2001).  Thus, the pendency of the prior federal petition did not toll the running of the one-year period.

[4] Petitioner does not raise the issue of equitable tolling in his petition nor did Petitioner file an opposition to Respondent's motion to dismiss.

concludes that Petitioner has not met his burden with respect to the tolling issue.  Accordingly, the petition is late and must therefore be dismissed.

Moreover, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1.  Respondent's motion to dismiss (Doc. 13), is GRANTED;

2.  The petition for writ of habeas corpus (Doc. 1), is DISMISSED as untimely;

3.  The Clerk of the Court is DIRECTED to enter judgment and close the file; and,

4.  The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **May 7, 2013**                               _____ **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE

12